## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **LISA S. SCHEHRER**, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| **SMITH & NEPHEW, INC. et al.**, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Smith & Nephew, Inc. hereby files its Notice of Removal of the above-captioned case from the District Court of Johnson County, Kansas, to this Court. The grounds for removal are as follows:

## I.    BACKGROUND

1.    This is a civil action filed in the District Court of Johnson County, Kansas. Plaintiff alleges she suffered personal injuries caused by the Birmingham Hip Resurfacing ("BHR") device made by Defendant Smith & Nephew, Inc. Plaintiff seeks recovery under the theories of Negligence, Strict Products Liability: Defective Design, Strict Products Liability: Failure to Warn, Breach of Express Warranties, Breach of Implied Warranties, Negligent Misrepresentation and Omission, Unfair and Deceptive Trade Practices, and Loss of Consortium.

## II.    NOTICE OF REMOVAL IS TIMELY

2.    Plaintiff filed her Complaint (Case No. 18CV05904) on October 23, 2018. Smith & Nephew, Inc. was served with a summons and copy of the Complaint on December 3, 2018. **Exhibit A**. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b). Defendants Mercury Medical Group, LLC and Robert Swindle consent to removal.  Defendant Brian Kindred also does not object to removal, but the consent of a fraudulently joined defendant is not necessary

in any event. *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1243 (D. Kan. 2001) ("The so called 'unanimity rule' requires that removal must fail unless all defendants join in the removal. Exceptions to the unanimity rule exist for situations involving nominal, unknown, unserved or fraudulently joined defendants." (internal citation omitted)).

III.     **THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332**

3.      The United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Defendant Smith & Nephew is the only proper defendant in this case. As such, the parties are citizens of different states and the amount in controversy exceeds $75,000.

    **A.     There is complete diversity of citizenship between Plaintiff and Defendant Smith & Nephew; other Defendants are fraudulently joined or misjoined.**

4.      To determine whether complete diversity exists between the parties, the Court may consider the citizenship of all properly joined parties. 28 U.S.C. § 1441(b). Plaintiff Lisa S. Schehrer and Defendants Smith & Nephew, Inc., Brian C. Kindred, Robert Swindle, and Mercury Medical Group, LLC are the parties to this action.

5.      Plaintiff is a resident and citizen of the State of Kansas. *See* Complaint, at ¶ 1.

6.      Defendant Smith & Nephew, Inc. is a Delaware corporation with its principal place of business in Memphis, Tennessee. Complaint, at ¶ 2. Thus, pursuant to 28 U.S.C. § 1332(c)(1), it is a citizen of Delaware and Tennessee. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

7.      Defendant Mercury Medical Group, LLC ("Mercury") did not come into existence until August 2, 2016. The events alleged by Plaintiff occurred before 2016. **Exhibit B**, Riley Declaration. Accordingly, Mercury is a fraudulently joined defendant. *See Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006) ("It has long been held that ***the right of removal cannot be defeated by 'a fraudulent joinder*** of a resident

2

defendant having no real connection with the controversy.'"  (emphasis added) (quoting *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154, 1156-57 (D. Kan. 2004))). Thus, Mercury's citizenship may be disregarded.

8.     Plaintiff alleges that Defendant Robert Swindle is a Kansas resident. Under Kansas law, Defendant Swindle is not a proper party to this lawsuit. Defendant Swindle is not "a 'product seller,' and therefore is not subject to liability under the Kansas Product Liability Act ("KPLA")." *Cooper*, 320 F. Supp. 2d at 1157 (citing K.S.A. 60-3301 *et seq.*). But even if Defendant Swindle is a "product seller under the KPLA, he is entitled to the KPLA's seller immunity provisions." *Id.* (citing K.S.A. 60-3306).

a.     The KPLA applies to "all product liability claims regardless of the substantive theory of recovery." *Id.* at 1158 (quoting *Savina v. Sterling Drug, Inc.*, 795 P.2d 915 (1990)). "As such, all of [plaintiff's] theories of recovery that sound in product liability are merged into one product liability claim." *Id.*

b.     A "product seller . . . includes a manufacturer, wholesaler, distributor, or retailer of the relevant product." K.S.A. 60-3302(a). Defendant Swindle, as a sales representative, is not a product seller under the KPLA and therefore cannot be subject to liability in this lawsuit. As a sales representative, Defendant Swindle "neither acquires nor passes title to the product during the course of a sales transaction." *Cooper*, 320 F. Supp. at 1158.

c.     Alternatively, assuming *arguendo* that Defendant Swindle is a "product seller" under the KPLA, he nevertheless cannot be held liable because Defendant Swindle: (1) did not have knowledge of the defects alleged in the Complaint; (2) could not have

3

discovered the defected during the performance of his duties; (3) was not a manufacturer. *See* K.S.A. 60-3306(a); *see also Jackson v. Thomas*, 21 P.3d 1007, 1010 (Kan. App. 2001).

d.      Thus, there is no possibility that Defendant Swindle would be subject to liability for any claim arising from the alleged product claim by Plaintiff.

9.      Plaintiff alleges that Dr. Brian C. Kindred is a Kansas resident. However, Dr. Kindred is a not a proper party to this litigation, and the Court should sever the claims against Dr. Kindred and remand the claims to state court.

a.      The KPLA expressly immunizes Dr. Kindred from any product liability claim. *See Golden v. Den-Mat Corp.*, 276 P.3d 773, 803 (Kan. App. 2012) ("But the definition of product seller *expressly excludes 'a health care provider . . . who utilizes a product in the course of rendering professional services*.'" (emphasis added) (quoting K.S.A. 60-3302(a))).

b.      To the extent that Plaintiff alleges medical negligence by Dr. Kindred, those claims should be severed from the product liability claims against Defendant Smith & Nephew. The Court should then remand the severed medical malpractice claims to state court. "Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Klintworth v. Valley Forge Ins. Co.*, No. 17-CV-448-JHP-JFJ, 2018 U.S. Dist. LEXIS 161916, at *6 (N.D. Okla. Aug. 15, 2018). A number of courts apply the fraudulent misjoinder doctrine to sever medical malpractice claims from product liability claims. *E.g.*, *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) ("The state court severed Crockett's claims against the health care defendants from his claims against the tobacco defendants *because the*

4

*medical negligence and malpractice claim and the burden of proof to sustain [that] claim is totally different [from] the burden of proof . . . necessary to secure judgment for product liability*. To the extent the severance decision was tantamount to a finding of improper joinder, we agree with that finding." (emphasis added) (internal quotations omitted)). The Tenth Circuit has not adopted or rejected the fraudulent misjoinder doctrine, concluding only that "[t]here may be many good reasons to adopt" the doctrine. *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (per curiam) (unpublished).

        c.      Alternately, Defendant Smith & Nephew moves the Court to exercise its discretion under Federal Rule of Civil Procedure 21 to sever and remand Plaintiff's medical negligence claim against Defendant Kindred. *See Klintworth*, 2018 U.S. Dist. LEXIS 161916, at *10 ("[S]ome courts have utilized Rule 21 to sever and remand a 'non-indispensable' party in the removal context, rather than require a plaintiff to prove fraudulent misjoinder." (citations omitted)). "Rule 21 may be used to 'cure a jurisdictional defect at any point in the litigation." *Id.* at *8 (quoting *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011)). Here, one compelling reason for the court to exercise its discretion under Rule 21 is to conserve judicial resources. On April 5, 2017, the Judicial Panel on Multi-District Litigation (JPML) transferred 28 cases alleging similar claims to the U.S. District Court for the District of Maryland as part of the *In re: Smith & Nephew BHR & R3 Hip Implant Products Liability Litigation*, MDL No. 2775. There are now more than 300 cases in the MDL. A subsequent transfer of this case to the MDL conserves resources for all parties and expedites the litigation.

10.     Because the remaining proper parties to this action are not citizens of the same state, complete diversity exists under 28 U.S.C. § 1332(a) and removal to federal court is proper.

**B.     The amount-in-controversy requirement is satisfied.**

11.     The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Where, as here, the jurisdictional amount is not expressly alleged, it may nonetheless be "facially apparent" from the pleading itself that the amount-in-controversy requirement is met. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).  District courts need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D. Ala. 2009) *aff'd*, 613 F.3d 1058 (11th Cir. 2010); *see Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." (citation omitted)). Courts make an "independent appraisal of the claim" and consider the "extent of the injuries pled in plaintiff's petition." *McGuire v. J.B. Transport, Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010); *see Robertson v. Asplundh Tree Expert Co.*, No. 17-2360-DDC-KGG, 2017 U.S. Dist. LEXIS 149931, at *6 (D. Kan. Sep. 15, 2017) (finding the amount-in-controversy requirement satisfied because plaintiff sought to recover for "back pay, front pay, compensatory damages for 'emotional pain and suffering, and punitive damages."); *Honeycutt v. Dillard's Inc.*, 989 F. Supp. 1375, 1377 (D. Kan. 1997) (finding the amount-in-controversy requirement met).

12.     Here, Plaintiff alleges that she has sustained "permanent, debilitating and progressive" injuries and seeks recovery for (1) past, present, and future physical pain and suffering; (2) past, present, and future emotional pain and suffering; (3) past, present, and future

medical bills and expenses; (4) loss of earnings; (5) loss of earning capacity; (6) physical, mental, and emotional pain, anguish and suffering; and (7) loss of consortium damages for her spouse. **Exhibit A**, Complaint, at ¶¶ 70-75, 146-47. She specifically alleges she was forced to undergo a "revision surgery . . . on her left hip to replace [the] failed BHR." *Id.* at ¶ 64. She continues to undergo "lengthy and protracted rehabilitation." *Id.* at ¶¶ 74-75. And she seeks treble damages and attorney fees in her prayer for relief. Thus, the amount-in-controversy requirement is "facially apparent" in light of the extent of Plaintiff's alleged injuries and the type of recovery sought. *See, e.g.*, *McCoy v. Gen. Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceed the jurisdictional amount") (collecting cases).

13.     Federal courts have consistently found similar allegations to satisfy the amount-in-controversy requirement. *E.g.*, *Devore v. Howmedica Osteonics Corp.*, 658 F.Supp.2d 1372, 1380 (M.D. Fla. 2009) (finding the requirement clearly met in case where plaintiff alleged injuries resulting from hip prosthesis); *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (finding the jurisdictional amount requirement met where plaintiff alleged severe and permanent injuries, pain and suffering, and medical expenses); *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000) (holding that alleged damages in a slip-and-fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional amount); *Mattison v. Wal-Mart Stores, Inc.*, 6:10-CV-01739-JMC, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011) (denying remand and finding the amount-in-controversy requirement met where plaintiff alleged she "slipped and fell" while walking through Wal-Mart, and sought punitive

damages and recovery for "medical bills, medical treatment, emotional damages, and pain and suffering").[1]

## IV.    THIS COURT IS THE PROPER VENUE

14.    The District Court of Johnson County, Kansas, is located within the District of Kansas. Venue is therefore proper in the District of Kansas pursuant to 28 U.S.C. § 96 and D. Kan. Rule 81.1(b).

## V.    DESIGNATION OF PLACE FOR TRIAL

15.    Defendant designates Kansas City, KS, as the place of trial pursuant to D. Kan. Rules 40.2 and 81.1.

## VI.    PLEADINGS AND PROCESS

16.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Smith & Nephew, Inc. are attached to this Notice as **Exhibit C**.

## VII.    NOTICE GIVEN

17.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is also being served on counsel of record for all parties, and a Notice of Filing of Notice of Removal promptly will be filed with the clerk of the District Court of Johnson County, Kansas.

---

[1] On April 5, 2017, the Judicial Panel on Multi-District Litigation (JPML) transferred 28 cases alleging similar claims to the U.S. District Court for the District of Maryland as part of the *In re: Smith & Nephew BHR & R3 Hip Implant Products Liability Litigation*, MDL No. 2775.  **Exhibit D**.  There are now more than 300 cases in MDL No. 2775, confirming that the amount in controversy requirement is met in this and other cases making similar allegations.

9085216 v1

**WHEREFORE**, Defendant Smith & Nephew, Inc., pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice that this action is removed from the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas.

DATED:   January 2, 2019                    Respectfully submitted,

                                            SHOOK, HARDY & BACON L.L.P.


                                            By: /s/ Zach Chaffee-McClure
                                                 Zach Chaffee-McClure, KS #23479
                                            2555 Grand Blvd.
                                            Kansas City, MO 64108-2613
                                            Telephone: (816) 474-6550
                                            Facsimile: (816) 421-5547
                                            zmcclure@shb.com

                                            *Attorney for Defendant Smith & Nephew, Inc.*

9

9085216 v1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed on this January 2, 2019, with

the Court through the CM/ECF system, will be sent electronically to the following:

Brian S. Franciskato
Dean Nash
2300 Main Street, Suite 170
Kansas City, MO 64108
Phone: (816) 221-6600
Fax: (816) 221-6612
bfranciskato@nashfranciskato.com
deannash@nashfranciskato.com


Alex C. Davis
Jones Ward PLC
The Pointe
1205 E. Washington St.
Louisville, KY 40206
Phone: (502) 882-6000
Fax: (502) 587-2007
alex@jonesward.com


*Attorneys for Plaintiff*

Michael B. George
POLSINELLI
900 W. 48th Place. Suite 900
Kansas City, MO 64112
(816) 360-4222

*Attorney for Defendant, Brian C. Kindred*


/s/ Zach Chaffee-McClure
        Zach Chaffee-McClure

*Attorney for Defendant Smith & Nephew, Inc.*

10

9085216 v1