```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


LISA S. SCHEHRER,                      )
                                       )
                    Plaintiff,         )
                                       )
         v.                            )    Case No. 19-2003-JWL
                                       )
SMITH & NEPHEW, INC.;                  )
BRIAN C. KINDRED, M.D.;                )
ROBERT SWINDLE; and                    )
MERCURY MEDICAL GROUP, LLC,            )
                                       )
                    Defendants.        )
                                       )
_____)
```

## **MEMORANDUM AND ORDER**

This case, which was removed to this Court from Kansas state court, presently comes before the Court on a motion by defendant Smith & Nephew, Inc. ("S&N") to stay proceedings pending transfer of the case to multidistrict litigation (MDL) (Doc. # 4), and plaintiff's motion to remand the case back to state court (Doc. # 9). For the reasons set forth below, the Court concludes that diversity is lacking and S&N has not shown that all non-diverse defendants were fraudulently joined; accordingly, the Court **grants** plaintiff's motion, and the case shall be remanded to state court. In light of that ruling, the Court **denies** the motion for a stay.

### I. **Background**

Plaintiff filed the instant action in the District Court of Johnson County, Kansas. Plaintiff, a Kansas resident, asserts claims against S&N, alleged to be a Delaware corporation with its principal place of business in Tennessee; Dr. Brian Kindred, alleged to be a Kansas resident; Robert Swindle, alleged to be a Kansas resident; and Mercury Medical Group, LLC ("Mercury"), alleged to be a Missouri corporation with its principal place of business in Kansas. Plaintiff alleges that she suffered harm resulting from the implantation of a particular medical device, the Birmingham Hip Resurfacing System ("BHR"), in her hips in two surgeries performed by defendant Kindred. Plaintiff further alleges that defendant S&N manufactured and sold the device; that defendant Swindle acted as a sales representative for S&N and provided advice concerning the choice of the device by Dr. Kindred and plaintiff; and that Mr. Swindle was employed by defendant Mercury, which markets and distributes S&N's products. Plaintiffs assert claims against all defendants for negligence, negligent misrepresentation, and violations of the Kansas Consumer Protection Act (KCPA), K.S.A. § 50-623 *et seq.*; and claims against S&N, Mercury, and Mr. Swindle for strict product liability and breach of express and implied warranties.

S&N, purportedly acting with the consent of Mercury and Mr. Swindle and without objection from Dr. Kindred, removed the case to this Court. In its notice of removal, S&N asserts that the Court may exercise diversity jurisdiction because the other three defendants were fraudulently joined in this suit. S&N then filed with the Judicial Panel on Multidistrict Litigation ("JPML") a notice that this case is a potential tag-along action in

2

an existing MDL pending in the District of Maryland, and the JMPL conditionally transferred the case to MDL No. 2775, *In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*. The parties have now completed briefing to the JMPL on plaintiff's objection to the transfer.

S&N has filed a motion requesting a stay of proceedings in this Court until the issue of the transfer to the MDL has been decided by the JPML. Plaintiff opposes a stay, arguing that the Court should decide her motion to remand the case back to state court based on a lack of diversity jurisdiction.

## II. <u>Applicable Standards – Fraudulent Joinder</u>

S&N argues that the Court may exercise diversity jurisdiction in this case. To invoke such jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties." *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiff has the same residency as even a single defendant." *See Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

In this case, plaintiff has alleged facts to show that she is a Kansas citizen and that defendants Kindred, Swindle, and Mercury are also Kansas citizens. *See* 28 U.S.C. § 1332(c)(1) (corporation is a citizen of both the state of its incorporation and the state of its principal place of business). S&N does not dispute the Kansas citizenship of those three defendants. S&N argues, however, that those defendants' Kansas citizenship should be ignored for purposes of assessing complete diversity because they have been fraudulently joined as parties to the lawsuit. Specifically, S&N argues that plaintiff has no claim against

Mercury because Mercury did not exist at the time of the allegedly wrongful acts; that Mr. Swindle cannot be liable under the Kansas Product Liability Act (KPLA) because he was not a "product seller" and because he is protected by the KPLA's seller immunity provisions; and that Dr. Kindred enjoys immunity from liability under the KPLA. S&N further argues that to the extent plaintiff alleges medical malpractice by Dr. Kindred, such claims should be severed and remanded to allow the rest of the suit to remain in federal court.

In the absence of actual fraud in the pleading of jurisdictional facts (which S&N does not allege here), fraudulent joinder requires the removing party to demonstrate the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). "The defendant bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *See id.* (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). The defendant must "clear a high hurdle" to prove fraudulent joinder; the issue is not necessarily whether the plaintiff has stated a valid claim against the non-diverse defendant, but rather whether the defendant has proven the plaintiff's inability to state a claim in state court despite all legal and factual issues being decided in the plaintiff's favor. *See id.* at 989.

### III. **Analysis**

The Court concludes that S&N has failed to show that there is no possibility that plaintiff could establish a cause of action against Mr. Swindle in Kansas state court. Accordingly, because both plaintiff and Mr. Swindle are Kansas citizens, S&N cannot establish complete diversity in this case as required for this Court's exercise of jurisdiction, and the Court need not consider S&N's arguments with respect to Mercury and Dr. Kindred.[1]

The KPLA defines as a "[p]roduct liability claim" any claim for harm caused by the manufacture, design, or warnings of the relevant product, including actions based on strict liability, negligence, breach of express or implied warranty, breach of a duty to warn, and any other substantive legal theory. *See* K.S.A. § 60-3302(c). Accordingly, as this Court has previously noted, all of a plaintiff's theories "that sound in product liability are merged into one product liability claim." *See Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154, 1158 (D. Kan. 2004) (Lungstrum, J.).

S&N first argues, in its notice of removal and in its brief in opposition to the remand motion, that Mr. Swindle cannot be liable under the KPLA because he is not a "product seller" as defined by the KPLA. The KPLA defines "product seller" in relevant part as follows:

> "Product seller" means any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption.

---

[1] Any issues concerning the viability or severance of claims against the other defendants are left for resolution by the state court upon remand.

5

>The term includes a manufacturer, wholesaler, distributor or retailer of the relevant product . . . .

*See* K.S.A. § 60-3302(a). In making this argument, S&N has not addressed the actual language of the statutory definition. Rather, S&N argues only that Mr. Swindle was a sales representative instead of a product seller, and that he did not acquire or pass title to the product.

The Court rejects this argument, for which S&N has not cited any supporting authority. Indeed, S&N cites only this Court's prior opinion in *Cooper*, but that citation is completely misleading and improper. In the notice of removal, S&N states as follows:

>As a sales representative, Defendant Swindle "neither acquires nor passes title to the product during the course of a sales transaction." *Cooper*, 320 F. Supp. [2d] at 1158.

Similarly, in its response brief, S&N states as follows:

>As a sales representative, Mr. Swindle is not "a 'product seller,' and therefore is not subject to liability under the Kansas Product Liability Act ("KPLA")." *Cooper*, 320 F. Supp. 2d at 1157 (citing K.S.A. 60-3301 et seq.).

The clear implication from those statements is that *Cooper* supports S&N's position that Mr. Swindle is not a "product seller" under the KPLA because he is a sales representative and because he did not have title to the product. In fact, in the excerpts quoted by S&N, this Court in *Cooper* was merely stating the position of the defendant in that case---a position that the Court rejected. Thus, S&N's citation to *Cooper* is highly inappropriate.

As quoted above, the KPLA defines "product seller" to include anyone engaged in the business of selling products and expressly includes distributors. S&N has not even attempted to explain why Mr. Swindle, as a matter of law, could not be considered a person

6

engaged in the business of selling the BHR system. In *Cooper*, this Court conducted a thorough analysis, rejected the argument that the KPLA definition requires passing of title to the product, and concluded that the defendant had not shown that it was not possible that a claim under the KPLA could be stated against it in state court. *See Cooper*, 320 F. Supp. 2d at 1157-62. S&N has not made any attempt to explain how this Court erred in that analysis or how the present case may be distinguished. In addition, plaintiff has alleged that Mr. Swindle was involved in the sale of the product in this case, and that allegation must be deemed true for purposes of this analysis. Accordingly, the Court rejects this argument by S&N based on the definition of "product seller."

In addition, even if Mr. Swindle could not be considered a "product seller" under the KPLA, that fact would not necessarily mean that plaintiff could not pursue a product liability claim against Mr. Swindle under Kansas law. As this Court noted in *Cooper*, the KPLA may merely limit the liability of "product sellers" without foreclosing product liability claims against other defendants. *See id.* at 1158 n.7. Indeed, the Kansas Supreme Court has quoted that analysis from *Cooper* with seeming approval. *See Gaumer v. Rossville Truck and Tractor Co., Inc.*, 292 Kan. 749, 757-58 (2011) (quoting *Cooper*, 320 F. Supp. 2d at 1158 n.7). S&N has not addressed that issue in opposing remand. That legal issue must be resolved in plaintiff's favor in this analysis, and for this reason as well, S&N has not shown that plaintiff could have no product liability claim against Mr. Swindle.

The Court similarly rejects S&N's argument that, even if Mr. Swindle was a "product seller" for purposes of the KPLA, he could not be liable based on K.S.A. § 60-3306(a). That subsection provides as follows:

> A product seller shall not be subject to liability in a product liability claim arising from an alleged defect in a product, if the product seller establishes that:
>
> (1) Such seller had no knowledge of the defect;
>
> (2) such seller in the performance of any duties the seller performed, or was required to perform, could not have discovered the defect while exercising reasonable care;
>
> (3) such seller was not a manufacturer of the defective product or product component;
>
> (4) the manufacturer of the defective product or product component is subject to service of process either under the laws of the state of Kansas or the domicile of the person making the product liability claim; and
>
> (5) any judgment against the manufacturer obtained by the person making the product liability claim would be reasonably certain of being satisfied.

*See id.* S&N states in its response, without citation to any evidence, that Mr. Swindle satisfies the requirements for the protection of subsection 60-3306(a) because he did not have knowledge of the defects alleged in this case, could not have discovered the defect during the performance of his duties, and was not a manufacturer. That argument fails for multiple reasons. First, S&N has not addressed the final two requirements of subsection 60-3306(a), and thus it has not established that Mr. Swindle cannot be liable under the KPLA. Second, Mr. Swindle's knowledge presents a clear question of fact, and all factual disputes must be decided in plaintiff's favor for purposes of the jurisdictional analysis.[2]

---

[2] S&N argues that Mr. Swindle could not have had knowledge of a recall of the devices implanted in plaintiff, as alleged by plaintiff, because the recall documents attached to plaintiff's petition do not match the model numbers included in plaintiff's allegations. Reasonably interpreted, however, plaintiff's petition includes allegations that Mr. Swindle knew of the alleged defects generally, and the Court must credit those allegations at this stage.

8

Finally, S&N has not addressed plaintiff's claim against Mr. Swindle under the KCPA. This Court also addressed such a claim in *Cooper*, holding that a Kansas state court could conclude that a claim under the KCPA does not merge into product liability claims. *See Cooper*, 320 F. Supp. 2d at 1162-64. S&N has not attempted to show how the Court's thorough analysis of that issue in *Cooper* is flawed, or that plaintiff could not pursue a claim against Mr. Swindle in state court under the KCPA (whether or not he is a "product seller" under the KPLA). For that reason as well, S&N has failed to establish plaintiff's complete inability to pursue a claim against Mr. Swindle in Kansas state court.

Accordingly, S&N has failed to show that plaintiff fraudulently joined Mr. Swindle as a defendant in this action. Mr. Swindle's Kansas citizenship must therefore be considered, and because complete diversity is lacking, this Court cannot exercise subject matter jurisdiction in this matter. The Court thus grants the motion for remand.

### IV. **Motion for Stay**

In support of its motion for a stay, S&N notes this Court's discretion to issue a stay to allow the MDL court to decide plaintiff's remand motion. Such a stay is not mandatory, however. As the JMPL noted in a recent decision submitted by S&N, a court is free to decide a remand motion prior to transfer if it chooses to do so. In this case, the Court's lack of jurisdiction is clear, for the reasons stated herein. Accordingly, the Court deems it appropriate to rule on the remand motion at this time, in order to avoid any unnecessary delay before the MDL court could consider the issue of its jurisdiction in this case. The

9

Court therefore denies S&N's motion for a stay, and it remands the case to state court at this time.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by defendant Smith & Nephew, Inc. for a stay of proceedings (Doc. # 4) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion for remand (Doc. # 9) is hereby **granted**, and the case shall be remanded back to the District Court of Johnson County, Kansas.

IT IS SO ORDERED.

Dated this 1st day of March, 2019, in Kansas City, Kansas.

                                               s/ John W. Lungstrum
                                               John W. Lungstrum
                                               United States District Judge